IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-22392-CIV-ALTMAN/Reid

CARLOS SULSONA,

    Plaintiff,

vs.

SABOR BORINQUENO, INC, a
Florida Profit Corporation d/b/a
Mofongo's Restaurant,

    Defendant.
_____/

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, CARLOS SULSONA ("Plaintiff") and Defendant, SABOR BORINQUENO, INC (collectively "the Parties"), by and through their respective undersigned attorneys jointly move this Honorable Court to approve the settlement reached by the parties and dismiss the instant action *with prejudice*. In support thereof, the parties state as follows:

1. This action originated on June 30, 2021, when Plaintiff filed his Complaint (ECF No. 1) against Defendant seeking unpaid overtime wages under the Fair Labor Standards Act, 29 U.S. C. § 207, *et. Seq.,* (the "FLSA").

2. On August 5, 2021, the parties held a telephonic settlement conference and reached a resolution.

3. In reaching a resolution of this matter, the parties have reviewed Defendant's time and pay records for Plaintiff.

4. The parties engaged in informal discovery, extensive settlement negotiations and exchanged sufficient information as to allow all parties to make educated and informed decisions regarding settlement.

5. The parties have successfully come to an agreement to resolve this dispute and now seek approval of the settlement from the Court. The parties' settlement agreement is attached as Exhibit A.

6. The settlement provides that Defendant will pay Plaintiff his full unpaid overtime and liquidated damages, representing a ***100% uncompromised recovery***. In addition, counsel for the parties separately negotiated payment of Plaintiff's counsel's reasonable attorney's fees and costs.

7. In exchange for the settlement proceeds, Plaintiff agreed to dismiss the claims brought in the Complaint. The parties stipulate that they have a bona fide dispute and that they are resolving the matter in order to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation. The parties stipulate that the settlement represents **full recovery** of all alleged unpaid wages due the Plaintiff (including an equal amount for liquidated damages) and **does not represent a compromise of Plaintiff's claims** for overtime and minimum wages compensation. Counsel for both parties represent that the settlement entered into by the parties was an arms-length compromise and there was no collusion with regard to the settlement of this matter. After reviewing Defendant's records, Plaintiff is satisfied that the amounts to be

received by him constitute a full and uncompromised recovery for all overtime and liquidated damages that he claimed in this action.

8. Counsel for the parties also represent that the continuation of this litigation would necessitate further expense causing additional expenditures of costs and attorney's fees.

9. Counsel for both parties agree that, in their respective opinions, the uncompromised settlement is fair and reasonable under the circumstances.

10. Counsel for both parties agree and acknowledge that the amount allocated to attorney's fees and costs is reasonable and not excessive, and was negotiated separately from the amount that was agreed upon for Plaintiff's underlying claim for overtime and liquidated damages.

## MEMORANDUM OF LAW

**Standard of Review**

Judicial review and approval of this settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food Stores*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

"Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required." *Feagans v. Americana Jax Inv., Inc.,* 3:07-cv-433-J-33HTS, 2008 U.S. Dist. LEXIS 21974, 2008 WL 782488, at *1 (M.D. Fla. Mar. 20, 2008); *see also, Mackenzie v. Kindred Hosps. E., LLC.,* 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003) ("Since the plaintiff has been offered full compensation on his claim, this case does not involve a compromise. There is no need for [*4] judicial scrutiny. . . ."). Even so, in an abundance of caution, the parties submitted the FLSA/Wage Settlement Agreement and Release even though there has been no compromise.

Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of fraud or collusion behind the settlement:
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits:
> (5) the range of possible recovery; and
> (6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at

*2-3 (M.D. Fla. Jan. 8, 2007).  S*ee also Hill v. Florida Indus. Elec., Inc.,* No. 6:06-cv-915-Orl-31JGG, 2007 U.S. Dist. LEXIS 9498 at *6 (M.D. Fla. Feb. 9, 2007); *Pacheco v. JHM Enter., Inc.,* No. 6:05-cv-1247-Orl-JGG, 2006 U.S. Dist. LEXIS 22066 at *4 (M.D. Fla. Apr. 12, 2006).  The Court should be mindful of the strong presumption in favor of finding a settlement fair.  *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3.  *See also Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977).

**A.    All of the Relevant Criteria Support Final Approval of the Settlement.**

First, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair.  *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006).  Here, the parties were independently represented by counsel. Plaintiff was represented by Robert Norell, Esquire of Robert Norell, P.A., and Defendant was represented by Erick Morales-Pérez, Esq.

All counsel involved have extensive experience in litigating claims under the Fair Labor Standards Act, including claims for unpaid overtime.  Each counsel was obligated to and did vigorously represent their client's rights.

The complexity, expense, and length of future litigation also militate in favor of this settlement.  If the parties continued to litigate this matter, they would be forced to engage in costly and protracted litigation in order to prove their claims and defenses.

However, in an effort to resolve the litigation, Defendant is paying Plaintiff for his entire alleged unpaid overtime wages, as well as an equal amount for liquidated damages, which is a full and uncompromised recovery.  This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

Third, there has been sufficient investigation and exchange of information to allow counsel and the Court to act intelligently in this matter. The parties exchanged information and documentation regarding Plaintiff's hours and pay. In agreeing upon the proposed settlement, the parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *6-7, (M.D. Fla. Dec. 21, 2006); *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). In determining the reasonableness of attorneys' fees, the lodestar is generally recognized as a reasonable fee. *See City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Helms* at 5. Courts have held, however, that it is unnecessary to inquire into the reasonableness of the hourly rate charged by plaintiff's counsel where both parties stipulate as to the reasonableness of the attorney's fees. *Id.* at 12.

Here, the parties stipulate that the $6,382.00 allocated for attorney's fees and costs is reasonable based on the amount of time actually spent by Plaintiff's counsel in prosecuting and ultimately resolving his claims. The parties negotiated the fees separately from the Plaintiff's settlement payment and the fees were not negotiated in relation to or as a portion of Plaintiff's recovery. *See Bonetti v. Embarq Management Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Therefore, both parties request that this Court find the proposed attorneys' fees reasonable.

## **CONCLUSION**

The settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter a Final Order of Dismissal in this action.

WHEREFORE, Plaintiff, CARLOS SULSONA and Defendant, SABOR BORINQUENO, INC., respectfully request that this Honorable Court enter an Order (i) GRANTING this Motion; (ii) APPROVING the settlement of Plaintiff's claims under the Fair Labor Standards Act; (iii) DISMISSING this case with prejudice; and (iv) ORDERING such further relief as the Court deems appropriate.

Respectfully submitted on August 19, 2021,

| | |
|---|---|
| */s/ Robert S. Norell* | */s/ Erick Morales-Pérez* |
| Robert S. Norell, Esq. | Erick Morales-Pérez, Esq. |
| Fla. Bar No. 996777 | Florida Bar No. 0750182 |
| E-Mail: rob@floridawagelaw.com | E-Mail: emplaw@yahoo.com |
| **ROBERT S. NORELL, P.A.** | **LAW OFFICES OF ERICK MORALES-PÉREZ** |
| 300 NW 70th Avenue | P.O. Box 10409 |
| Suite 305 | San Juan, Puerto Rico 00922-0409 |
| Plantation, Florida 33317 | Telephone: (787) 605-8000 |
| Telephone: (954) 617-6017 | *Counsel for Defendant* |
| Facsimile: (954) 617-6018 | |
| *Counsel for Plaintiff* | |