UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22392-CV-ALTMAN
MAGISTRATE JUDGE REID

CARLOS SULSONA,

    Plaintiff,

v.

SABOR BORINQUENO, INC.,

    Defendant.

_____/

## **REPORT OF MAGISTRATE JUDGE**

    This matter is before the Court pursuant to the Parties' Joint Motion for Approval of FLSA Settlement and Dismissal of Action with Prejudice and Incorporated Memorandum of Law ("Motion"). [ECF No. 15]. The parties attached to the Motion a copy of the executed Settlement Agreement. [ECF No. 15-1].

    This matter was referred to the Undersigned to conduct a fairness hearing and issue a Report and Recommendation on any dispositive matters. [ECF No. 16]. A fairness hearing was held on September 13, 2021; however, Counsel for Defendant was not present at the fairness hearing. Nevertheless, because the the parties have filed a Joint Motion and the Settlement Agreement constitutes a full uncompromised recovery, this Court recommends that the Motion be **GRANTED,** and this case be **DISMISSED** with prejudice.

    This case involves claims for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"). In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn Food Stores*

*v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." *Id.* The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* at 1354.

In this case, both Parties were represented by counsel. Further, in agreeing upon the proposed settlement, the parties have indicated that they provided sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion. The terms of the settlement agreement, including the amount to be received by Plaintiff and the attorneys' fees and costs, appear to be reasonable. In fact, the Settlement Agreement provides that Defendant will pay Plaintiff his full unpaid overtime and liquidated damages, for a total uncompromised recovery amount of $4,436.50—half of which is allocated to unpaid wages and the other half to liquidated damages. Plaintiff's Counsel will receive $6,3820.00 for attorneys' fees and costs. Defendant agreed in the Motion that Plaintiff's Counsel's fees and costs are reasonable. Thus, this Court finds that the compromise reached by the parties is a fair and reasonable resolution of the parties' bona fide disputes.

Accordingly, it is recommended that the Parties' Motion, [ECF No. 15], be **GRANTED**, the Parties' Settlement Agreement be **APPROVED**, and this action, in its entirety, be **DISMISSED** with prejudice.

Given the joint motion and agreement in this case, the Court is shortening the time in which the parties have to file objections and responses. A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **THREE DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall

constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

    DONE AND ORDERED in chambers, at Miami, Florida on this 13th day of September 2021.

*[signature]*
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **All Counsel of Record**